IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DEBERT MORGAN                                                                                           PETITIONER

v.                                              Case No. 6:23-cv-06083

DEXTER PAYNE                                                                                           RESPONDENT

## MEMORANDUM OPINION

Petitioner is Debert Morgan ("Morgan"). On July 12, 2023, Morgan filed the current Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent Dexter Payne ("Payne") filed a response on September 13, 2023. ECF No. 11. On October 20, 2023, Morgan filed Objections to Payne's response. ECF No. 12. The Parties have consented to the jurisdiction of the U.S. Magistrate Judge (ECF No. 10), and this matter is now ripe for consideration. The Court has reviewed the Petition and Response and finds this Petition should be **DENIED.**

1. **Procedural Background**[1]:

Morgan is an inmate incarcerated at the Grimes Unit in the Arkansas Department of Correction ("ADC") in Newport, Arkansas. On August 29, 2019, a Hot Springs County jury convicted Morgan of aggravated residential burglary and first-degree battery. Morgan was sentenced as a habitual offender to thirty-five (35) years' imprisonment. Morgan appealed his convictions, and the Arkansas Court of Appeals affirmed his convictions and sentence on direct review. *See Morgan v. State,* 2021 Ark. App. 344, 632 S.W. 3d 759 (2021).

On December 14, 2021, Morgan timely filed a petition for postconviction relief in Arkansas state circuit court pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. *Morgan v.*

---

[1] The "Procedural Background" is taken from the docket and the documents filed in this case.

*State,* 2023 Ark. App. 238, 666 S.W.3d 161, 165 (2021). As his basis for relief, Morgan alleged his trial counsel was constitutionally ineffective for failing to investigate and properly question what he characterized as the State's "star witness." This "star witness" was at the residence Morgan entered and allegedly burglarized. Morgan claims he did not burglarize this house but was instead invited into the house. Morgan claims this witness's testimony would support that claim. Morgan claims his attorney's error in failing to investigate this witness further resulted in his conviction for aggravated residential burglary, which ultimately lead to a longer prison sentence.

The circuit court held a hearing on Morgan's Rule 37 petition. Morgan subpoenaed the witness in question for this hearing, but the witness was in custody of the ADC and did not attend. Morgan then attempted to introduce three affidavits purportedly written by this witness which stated Morgan was an invited guest in the home on the night of the attack. The circuit court found these affidavits were inadmissible hearsay and did not admit them. Nine other witnesses testified at this hearing instead. After the hearing, the court denied Morgan's Rule 37 petition and found Morgan's counsel was not ineffective. Morgan appealed, and the Arkansas Court of Appeals also rejected this claim.

On July 12, 2023, Morgan filed the current Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. With this Petition, Morgan's only claim is a "failure to investigate—due process claim" because "if the State's main witness would have attended the hearing, he could have stated the sworn affidavits are his, signed by him." ECF No. 1 at 5-6. Payne has responded to this Petition. ECF No. 11. In this response, Payne claims Morgan's Petition should be denied for three reasons: (1) the Petition is inadequately pleaded; (2) the claim raised has already been adjudicated in the Arkansas state courts; and (3) the claim is procedurally defaulted. *Id.* Upon review, the

Court finds Morgan's claim has been reasonably adjudicated in the Arkansas state courts, and there is no basis for this Court to grant a writ of *habeas corpus.* Accordingly, the Court will only consider this part of Payne's response.

**2.     Applicable Law**:

Morgan seeks *habeas* review of a state-court conviction in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. In the interests of finality and federalism, a federal *habeas* court is constrained by statute to exercise only a "limited and deferential review of underlying state-court decisions." *See, e.g., Whitehead v. Dormire,* 340 F.3d 532, 536 (8th Cir. 2003). The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013).

A federal court reviewing a state-court merits ruling of a federal question may grant habeas-corpus relief only if the state's adjudication "(1) resulted in a decision that was contrary to, or an unreasonable application of, clearly stablished Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Under § 2254(d)(2), a decision adjudicated on the merits in a state court based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *See, e.g., Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003). In making this determination, factual findings by the state courts are presumed correct absent clear and convincing evidence to the contrary. *Id.;* 28 U.S.C. § 2254(e).

3

3. **Discussion**:

The only claim Morgan raises with the current Petition is the claim he raised in the Arkansas state courts: whether his trial counsel properly investigated and properly questioned the State's witness about whether Morgan was invited into the home he was convicted of burglarizing.

Because this issue was adjudicated in the Arkansas state court on the merits, a writ of *habeas corpus* "shall not be granted" with respect to this claim unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1), (2).

In his sparse briefing, Morgan does not supply a basis for a determination that one of these exceptions has been met, and this Court also cannot find one. Indeed, for a state court's finding to be "contrary to" federal law, the state court must arrive at an opposite conclusion of law than the Supreme Court of the United States or reach a result opposite to that of the Supreme Court in a case involving materially indistinguishable facts. *See Williams v. Taylor,* 529 U.S. 362, 404-05 (2000).

Further, for an "unreasonable application" of clearly established federal law, Morgan must meet a high standard and demonstrate the state court's ruling on the claim being presented was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *See Harrington v. Richter,* 562 U.S. 86, 103 (2011). Finally, for there to be an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," this Court must first recognize state-court findings of fact are given deference. The text of 2254 specifically states as follows: "In a proceeding instituted by

an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *See* 28 U.S.C. § 2254(e).

Under the facts Morgan has presented in his briefing, this Court cannot find any of these standards are met. Accordingly, the determination of the Arkansas state courts is entitled to deference, and there is no basis for granting *habeas* relief.

**4.     Conclusion**:

Morgan's claim that his counsel was ineffective for failing to investigate and question the State's witness about whether he was invited into the home or burglarized the home was reasonably adjudicated in the Arkansas state courts, and there is no basis for federal relief under 28 U.S.C. § 2254.

Accordingly, based on the foregoing, the instant Petition (ECF No. 1) is **DENIED** and dismissed with prejudice. The Court finds no evidentiary hearing is required.[2] A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**DATED** this **26th day of October 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).